UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | EDCV 19-2415 PSG (SPx) | Date | March 3, 2020 |
|---|---|---|---|
| Title | Patricia Saavedra v. La-Z-Boy, Inc. et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**     The Court GRANTS the motion to remand

     Before the Court is Plaintiff Patricia Saavedra's ("Plaintiff") motion to remand. *See* Dkt. # 10 ("*Mot.*"). Defendants La-Z-Boy, Inc. ("La-Z-Boy") and Oscar Pineda ("Pineda") (collectively, "Defendants") oppose, *see* Dkt. # 17 ("*Opp.*"), and Plaintiff replied, *see* Dkt. # 19 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers, the Court **GRANTS** the motion to remand.

I.     Background

    A.     Factual Background

     The following facts are taken from Plaintiff's complaint. On or about December 1, 2015, La-Z-Boy employed Plaintiff as a Human Resources Manager at its manufacturing plant in Redlands, California. *See Complaint*, Dkt. # 1-1 ("*Compl.*") ¶ 10. Plaintiff was fifty-eight when she was hired. *Id.* ¶ 11. Pineda was the General Manager of the Redlands plant. *Id.* ¶ 12. Pineda made comments to Plaintiff about her age and about the inability of older employees to keep up with workload demands. *Id.* ¶ 13. From 2016 through 2019, Plaintiff worked with Pineda to hire new employees to fill open positions at the Redlands plant, and Pineda continually stressed the need for a "younger bench," "younger talent," and "fresh talent." *Id.* ¶ 14. Pineda routinely asked Plaintiff to estimate applicants' ages before offering them interviews. *Id.* Pineda explicitly instructed Plaintiff against hiring older employees. *Id.* Plaintiff routinely presented Pineda with older well-qualified applicants, only to have Pineda hire younger, less-qualified candidates instead. *Id.* Throughout 2018, Pineda actively replaced numerous Redlands plant management staff members with younger new hires. *Id.* ¶ 15. One example is Ms. Smith: Pineda transferred Ms. Smith to a different office and replaced her with a younger candidate. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-2415 PSG (SPx) | Date | March 3, 2020 |
|---|---|---|---|
| Title | Patricia Saavedra v. La-Z-Boy, Inc. et al. | | |

¶¶ 15–16. These issues continued into 2019. *Id.* ¶¶ 23–25. Plaintiff repeatedly complained to Pineda that his hiring practices were discriminatory on the basis of age. *Id.* ¶ 23.

From the time that Ms. Garcia, a twenty-nine-year-old employee, was hired, Pineda actively attempted to transfer Plaintiff's duties to her. *Id.* ¶¶ 19–20. For instance, Pineda insisted that Ms. Garcia take on Plaintiff's management responsibilities. *Id.* ¶ 20. Despite Plaintiff discovering that Ms. Garcia had violated company policy and was performing her duties in an unsatisfactory manner, Pineda took no remedial action. *Id.* ¶ 21.

On or about May 16, 2019, Pineda and another La-Z-Boy employee informed Plaintiff that her position was being eliminated, and she was terminated on or about May 17, 2019. *Id.* ¶¶ 26–27.

  B. <u>Procedural Background</u>

On November 12, 2019, Plaintiff initiated this lawsuit, bringing the following causes of action:

<u>First Cause of Action</u>: Discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940(a), on the basis of age, against La-Z-Boy. *Id.* ¶¶ 30–42.

<u>Second Cause of Action</u>: Harassment in violation of FEHA, Cal. Gov. Code § 12940(j), against La-Z-Boy and Pineda. *Id.* ¶¶ 43–56.

<u>Third Cause of Action</u>: Retaliation in violation of FEHA, Cal. Gov. Code § 12940(h), against La-Z-Boy. *Id.* ¶¶ 57–70.

<u>Fourth Cause of Action</u>: Failure to take all steps necessary to stop discrimination, harassment, and retaliation in violation of FEHA, Cal. Gov. Code § 12940(k), against La-Z-Boy. *Id.* ¶¶ 71–81.

<u>Fifth Cause of Action</u>: Wrongful termination in violation of public policy, against La-Z-Boy and Pineda. *Id.* ¶¶ 82–89.

<u>Sixth Cause of Action</u>: Retaliation in violation of Cal. Lab. Code § 1102.5, against La-Z-Boy. *Id.* ¶¶ 90–103.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-2415 PSG (SPx) | Date | March 3, 2020 |
|---|---|---|---|
| Title | Patricia Saavedra v. La-Z-Boy, Inc. et al. | | |

On December 16, 2019, Defendants removed the action to this Court on the grounds of diversity jurisdiction. *See Notice of Removal*, Dkt. # 1 ("*NOR*"). Although Plaintiff and Pineda are both citizens of California, Defendants argue that Pineda is a "sham" defendant and his citizenship should be disregarded for purposes of establishing diversity jurisdiction. *See generally id*. Plaintiff now moves to remand. *See generally Mot*.

II. Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

When a defendant has been fraudulently joined for the purpose of destroying diversity or removal jurisdiction, the Court "may ignore the presence of that defendant for the purpose of establishing" jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Joinder is fraudulent if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id*. The relevant question is whether there is any possibility that the plaintiff will be able to establish liability against the party in question. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) ("[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant."). "This standard is more stringent than that under Rule 12(b)(6) and 'is similar to the wholly insubstantial and frivolous standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction.'"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-2415 PSG (SPx) | Date | March 3, 2020 |
|---|---|---|---|
| Title | Patricia Saavedra v. La-Z-Boy, Inc. et al. | | |

*Powers v. Provident Life & Accident Ins. Co.*, No. CV 18-10333 PSG (JEMx), 2019 WL 1601385, at *3 (C.D. Cal. Mar. 1, 2019) (quoting *Grancare, LLC v. Thrower*, 889 F.3d 543, 549 (9th Cir. 2018)) (cleaned up).

"Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "A defendant . . . bears [a] 'heavy burden' of establishing fraudulent joinder." *Lew v. Medtronic, Inc.*, No. CV 14-8303 JLS (VBKx), 2014 WL 7185299, at *10 (C.D. Cal. Dec. 16, 2014) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). "There is a 'general presumption' that joinder is not fraudulent, that is, there is a general presumption that a plaintiff's *sole* purpose is *not* to defeat diversity jurisdiction." *Negrete v. Meadowbrook Meat Co.*, No. ED CV 11-1861 DOC (DTBx), 2012 WL 254039, at *2 (C.D. Cal. Jan. 25, 2012). Thus, there is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion. *See Salkin v. United Serv. Auto Ass'n*, 767 F. Supp. 2d 1062, 1065 (C.D. Cal. 2011).

III.  Discussion

The parties do not dispute that Plaintiff is a citizen of California, that La-Z-Boy is a citizen of Michigan (a Michigan corporation with its principal place of business in Michigan), and that Pineda is a citizen of California. *See NOR* ¶¶ 12–43; *Compl.* ¶¶ 2–4. Thus, on the face of the complaint complete diversity is lacking because both Plaintiff and Pineda are citizens of California. However, Defendants argue that Pineda's citizenship should be disregarded for purposes of diversity because he was fraudulently joined. *See NOR* ¶¶ 18–43. Plaintiff brings two causes of action against Pineda, for harassment on the basis of age in violation of FEHA, and for wrongful termination in violation of public policy. *See Compl.* ¶¶ 43–56, 82–89. The Court only addresses the first claim because it finds it dispositive.[1]

Defendants argue that Pineda is fraudulently joined because: (1) his alleged conduct is not severe or pervasive enough to constitute a harassment claim, and (2) the managerial privilege applies. *See generally NOR*; *Opp*. Defendants argue that Plaintiff's allegations are insufficient because to claim harassment based upon a "hostile work environment theory," a plaintiff must

---

[1] Defendants argue that Plaintiff cannot as a matter of law establish a wrongful termination claim against Pineda. *See NOR* ¶¶ 40–42. In reply, Plaintiff states that she is abandoning this claim, *see Reply* 1, and that she has discovered further evidence to allege an additional claim against Pineda, *see id*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-2415 PSG (SPx) | Date | March 3, 2020 |
|---|---|---|---|
| Title | Patricia Saavedra v. La-Z-Boy, Inc. et al. | | |

show that harassing conduct was "severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees because of their [age]." *Hughes v. Pair*, 46 Cal. 4th 1035, 1043 (2009). There is no recovery for "harassment that is occasional, isolated, sporadic, or trivial." *Id.* Defendants argue that Plaintiff's allegations are merely of routine, personnel-related conduct, and that the isolated comments by Pineda to Plaintiff are merely the type of isolated instances of verbal abuse, profane language, and threats of job loss which are insufficient. *See NOR* ¶¶ 28–31 (citing *Cofer v. Parker-Hannifin Corp.*, 194 F. Supp. 3d 1014, 1021 (C.D. Cal. 2016)); *Opp.* 4. Defendants also argue that Plaintiff's allegations of harassment are based on mere hiring and firing recommendations, which are non-actionable personnel decisions. *See NOR* ¶¶ 33–39 (citing *Reno v. Baird*, 18 Cal. 4th 640, 646 (1998); *Hardin v. Wal-Mart Stores, Inc.*, No. CIV–F–08–0617 AWI BAM, 2012 WL 691707 at *18 (E.D. Cal., Mar. 2, 2012)); *Opp.* 6–7. They argue that because Plaintiff's claims against Pineda entirely involve personnel decisions and the management of employees, they must fail because of the managerial privilege. *See NOR* ¶ 39. Plaintiff cites *Landucci v. State Farm Insurance Company*, 65 F. Supp. 3d 694, 700 (N.D. Cal. 2014) in support, in which the court held that the plaintiff had sufficiently pleaded a hostile work environment and harassment claim based in part on allegations of a supervisor's hostile workplace comments. *See Mot.* 11:18–12:1. Based on the plaintiff's supervisor's conduct – he began micromanaging her, made statements about her age, commented on her physical abilities, asked when she was going to retire, and criticized her performance – the court concluded that a harassment claim was viable against the employer and supervisor. *See Landucci*, 65 F. Supp. 3d at 700–01.

First, the Court is not convinced that the "managerial privilege" prevents any claim against Pineda under the FEHA. Pursuant to the FEHA, it is unlawful for an employer or any other person to harass an employee on the basis of age. Cal. Gov. Code § 12940(j)(1). The FEHA specifically makes harassment by an employee unlawful. *See id.* § 12940(j)(3). Accordingly, a supervisory employee may be liable to an employee for harassing acts made to that employee. *See Roby v. McKesson Corp.*, 47 Cal. 4th 686, 709 (2009); *Landucci*, 65 F. Supp. 3d at 700. Plaintiff has alleged at least one hostile comment made by Pineda to Plaintiff about her age, *See Compl.* ¶ 13, which cannot be categorized as a "personnel decision," and, moreover, official employment actions by supervisory employees can constitute the evidentiary basis of a harassment cause of action. *See Roby*, 47 Cal. 4th at 707–08; *see also Smith v. Staples Contract & Commercial, Inc.*, No. CV 14-07836-AB ASX, 2014 WL 7333421, at *6 (C.D. Cal. Dec. 19, 2014) ("[A] supervisor may be individually liable under California law for purely managerial acts where those acts 'have a secondary effect of communicating a hostile message.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-2415 PSG (SPx) | Date | March 3, 2020 |
|---|---|---|---|
| Title | Patricia Saavedra v. La-Z-Boy, Inc. et al. | | |

This occurs when the actions establish a widespread pattern of bias.'") (quoting *Roby*, 47 Cal. 4th at 709).

Second, Plaintiff has alleged that Pineda made comments about her age and about the inability of older employees to keep up with workload demands, that he continually instructed Plaintiff to discriminate in hiring on the basis of age and not hire older applicants, that he consistently replaced older workers with younger ones, and that he began giving Plaintiff's management responsibilities to a younger, less-capable employee. *See Compl.* ¶¶ 13–25. The Court is not convinced that these allegations of repeated age-related hostility in the workplace fail to state a cause of action of hostile work environment under FEHA as a matter of law, and that "the failure is obvious according to the settled rules of the state." *Hunter*, 582 F.3d at 1043.

Even if Plaintiff had not sufficiently alleged a claim of hostile work environment against Pineda, Defendants have failed to show that there is no possibility that Plaintiff may amend her complaint to do so. *See Reply* 4. A defendant must show "there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant." *Padilla*, 697 F. Supp. 2d at 1159. For example, the court in *Padilla* remanded a case alleging FEHA violations against both an in-state supervisor and out-of-state employer. *Id.* at 1160. There, the defendants could not demonstrate fraudulent joinder and thus improperly removed the case because they failed to show both that there was "no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant" and that the plaintiff could not amend her pleadings to allege a potentially successful cause of action. *Id.* Here, Defendants have not shown why Plaintiff could not amend her complaint to plead further facts regarding Pineda's conduct in the workplace toward Plaintiff. Defendants have not met their heavy burden of rebutting the general presumption that the joinder is not fraudulent. *See Powers*, 2019 WL 1601385, at *7 ("[T]he issue is not the strength of the plaintiff's case against the non-diverse defendant, but whether there is *any possibility* that the plaintiff will be able to establish liability against the non-diverse defendant.").

IV.   Attorneys' Fees

Where a plaintiff is successful on a remand motion, the court may order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has specified that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-2415 PSG (SPx) | Date | March 3, 2020 |
|---|---|---|---|
| Title | Patricia Saavedra v. La-Z-Boy, Inc. et al. | | |

objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, Plaintiff's request for attorneys' fees is denied because the Court does not find that removal was objectively unreasonable. Although the Court holds that Defendants' removal was improper, the decision to remand is more of a reflection on Defendants' heavy burden to demonstrate fraudulent joinder at the pleading stage than the merits of Plaintiff's case. *See Salkin*, 767 F. Supp. 2d at 1065.

V.　Conclusion

For the foregoing reasons, the Court concludes that Defendants improperly removed this case and that, consequently, the Court lacks jurisdiction. The Court **GRANTS** the motion to remand. Accordingly, the case is **REMANDED** to San Bernardino County Superior Court.

**IT IS SO ORDERED**.